

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ AUG 10 2005 ★ P.M. _____ TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN FRASER, A90-234-737/ #740-5,
*also known as* Andrew Burrell,

                Petitioner,                04 CV 0733 (SJ)
                                                   05 CV 2120 (SJ)

    -against-                              **MEMORANDUM
                                                   AND ORDER**

JOHN ASHCROFT, et al.,

                Respondents.
-----------------------------------------------------------X
APPEARANCES:

JOHN FRASER
#42103-053
A90-234-737/ #740-5
Federal Detention Center
P.O. Box 5010
Oakdale, LA 71463
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
1 Pierrepont Plaza
Brooklyn, NY 11201
By:    Steven J. Kim, Esq.
Attorney for Respondents

JOHNSON, Senior District Judge:

       Petitioner John Fraser ("Petitioner"), proceeding *pro se*, filed a motion to reconsider (the "Motion to Reconsider"), pursuant to Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. Specifically, Petitioner seeks modification of an Order

1

of the Court dated July 28, 2005 (the "July 28, 2005 Order"), in which the Court, pursuant to Section 106(c) of the REAL ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), ordered the transfer of (1) Petitioner's challenge of his final removal order to the United States Court of Appeals for the Fifth Circuit, and (2) Petitioner's challenge to his detention to the United States District Court for the Northern District of Alabama.[1] For the reason stated below, Petitioner's Motion to Reconsider is denied.

## DISCUSSION[2]

Before considering the Motion to Reconsider on the merits, the Court must first be convinced Rule 60(b) is an appropriate form of relief for Petitioner.[3] The government, in its response entered on July 27, 2006, asserts that, because a transfer order does not constitute a final judgment, Rule 60(b) is inapplicable. The government appears to be correct. Even though the case upon which the government relies, Tanzini v. Marine

---

[1] Despite the existence of the transfer order relating to the Northern District of Alabama that was contained in the July 28, 2005 Order, the docket sheet for case number 04 CV 733 does not indicate that the transfer of Petitioner's detention claim to the Northern District of Alabama ever occurred. However, it does appear that Petitioner's detention claim, also filed under case number 05 CV 2120, was properly transferred under that docket number to that court. To be safe, though, the Court below again directs the Clerk of the Court to transfer the detention claim under case number 04 CV 733 to the Northern District of Alabama.

[2] The Court will not recount in detail the facts and procedural history of the case, as they are presumed to be known by the parties.

[3] Rule 60(b) permits a party to seek relief "from a *final* judgment, order or proceeding." Fed. R. Civ. P. 60(b) (emphasis added).

2

P-049

Midland Bank, N.A., 93 CV 8910, 1995 WL 275956, at *1 n.1 (S.D.N.Y. May 8, 1995) (noting that Rule 60(b) is not available as a form of relief because "[a] transfer ordered under 28 U.S.C. § 1404(a) is an interlocutory order and does not constitute a final judgment"), does not address the interplay between Rule 60(b) and a transfer pursuant to RIDA, because the Court finds no material distinction exists between the two types of transfer orders, the Court concludes Petitioner is precluded from relying on Rule 60(b) to contest what is, in essence, an interlocutory order. See, e.g., Chapple v. Levinsky, 961 F.2d 372, 374 (2d Cir. 1992) (holding that, unless properly certified for immediate appeal, "[a]n order transferring a civil action to another district . . . pursuant to 28 U.S.C. § 1404(a) is an interlocutory order").[4] Thus, the Motion to Reconsider is denied.

## CONCLUSION

For the above-mentioned reason, Petitioner's Motion to Reconsider is DENIED. Additionally, to the extent the Clerk of the Court has not yet transferred Petitioner's detention claim under Docket No. 04 CV 733 to the United States District Court for the

---

[4] Even if Petitioner were not precluded from seeking relief under Rule 60(b)(1), his Motion to Reconsider would still fail on the merits. Rule 60(b)(1) permits a party to seek relief from a "final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, Petitioner raises no "mistake, inadvertence, surprise, or excusable neglect" with respect to the July 28, 2005 Order. Rather, he seeks to re-argue points the Court already considered (and rejected) in that previous Order. Moreover, to the extent Petitioner relies on Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, he would similarly not be entitled to relief, as Local Civil Rule 6.3 requires Petitioner to bring to the Court's attention "matters or controlling decisions which [Petitioner] believes the Court has overlooked." Petitioner has brought nothing of the sort to the Court's attention. Thus, Local Rule 6.3 would similarly offer no relief to Petitioner.

3

P-049

Northern District of Alabama, the Clerk is directed to do so immediately.

SO ORDERED.

Dated: August 8, 2006
Brooklyn, NY

s/SJ

Senior U.S.D.J.